UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND DIVISION

| | |
|---|---|
| Julie Anne Chinnock, | ) |
|     Plaintiff, | ) ) ) ) No. 1:18-cv-02935 |
|            v. | ) ) |
| Navient Corporation, Navient Solutions, LLC, Navient Student Loans Trust 2014-3 C/O Deutsche Bank Trust Company, United States Department of Education, Alex Rokakis, Esq., and Matthew Whitaker, | ) ) ) ) ) ) |
|     Defendants. | ) |

## NAVIENT DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants Navient Corporation ("Navient Corp."), Navient Solutions, LLC ("NSL"), and Navient Student Loan Trust 2014-3 (the "Trust") (collectively, the "Navient Defendants"), by counsel, provide the following as their Answer and Affirmative Defenses to Plaintiff's Verified Complaint for Declaratory Judgment and Invasion of Privacy (ECF No. 1-1) and her Amended Complaint (ECF No. 1-2)[1] (collectively, the "Complaint").[2]

1. Admitted in part; denied in part. The Navient Defendants admit only that Plaintiff remains liable for repayment of certain federal student loans to NSL, the servicer of such loans. The remaining allegations in this Paragraph constitute legal arguments and conclusions to which

---

[1] Plaintiff's Amended Complaint (ECF No 1-2), appears to function as a supplement to, rather than a replacement of, her original Complaint for Declaratory Judgment and Invasion of Privacy (ECF No. 1-1). *See* ECF No. 1-2, at 1.

[2] On December 26, 2018, the Navient Defendants also responded to the Complaint with a Motion to Dismiss for lack of personal jurisdiction, which remains pending. *See* ECF No. 8. The Navient Defendants have appeared in this case only for the limited purpose of contesting personal jurisdiction and venue. *See* ECF No. 3. By filing this Answer and Affirmative Defenses, the Navient Defendants and their counsel neither make a general appearance nor waive the right to contest personal jurisdiction, venue, or to raise any other defenses should their pending Motion to Dismiss be denied.

no response is required.  To the extent a response is necessary, those allegations in this Paragraph are denied.

2. The allegations in this Paragraph are denied.

3. The allegations in this Paragraph are denied.

4. The allegations in this Paragraph constitute legal arguments and conclusions to which no response is required.  To the extent a response is necessary, the allegations in this Paragraph are denied.

5. The allegations in this Paragraph constitute legal arguments and conclusions to which no response is required.  To the extent a response is necessary, the allegations in this Paragraph are denied.

6. The Navient Defendants lack information sufficient to form a belief as to the truth of, and accordingly denies, the factual allegations in this Paragraph.  The remaining allegations in this Paragraph constitute legal arguments and conclusions to which no response is required.  To the extent a response is necessary, those allegations in this Paragraph are also denied.

7. The Navient Defendants lack information sufficient to form a belief as to the truth of, and accordingly denies, the factual allegations in this Paragraph.  The remaining allegations in this Paragraph constitute legal arguments and conclusions to which no response is required.  To the extent a response is necessary, those allegations in this Paragraph are also denied.

8. Admitted in part; denied in part.  NSL admits that it is a Delaware limited liability company and that it engages in the business of servicing student loans, including private student loans and federal student loans owed to or guaranteed by the United States.  NSL further states that the volume of such student loans serviced by NSL varies from time to time.  Except as specifically admitted, the Navient Defendants deny the remaining allegations in this Paragraph.

9. Admitted in part; denied in part. The Trust admits that it is a Delaware statutory trust, but denies that it has any relationship with the National Collegiate Student Loan Trusts or that it is subject to any consent agreement with the United States Consumer Financial Protection Bureau. Further responding, the Trust is presently the owner of a Federal Consolidation Student Loan disbursed for Plaintiff's benefit on November 20, 2003, in the original principal amount of $132,613.99 (consisting of a $57,078.75 subsidized portion and a $75,535.24 unsubsidized portion) under which Plaintiff remains indebted. The aforementioned Consolidation Student Loan is serviced by NSL under an account number ending in -5755, identified by loan numbers -07 and -08. Except as specifically admitted, the Navient Defendants deny the remaining allegations in this Paragraph.

10. NSL admits that it is the servicer of various federal Direct student loans under the William D. Ford Direct Loan Program, pursuant to which federal student loans were disbursed for Plaintiff's benefit by the United States Department of Education, under which Plaintiff remains indebted on six Federal Direct Student Loans under an account number ending in -5755, identified by ED servicing loan numbers -04, -06, -07, -10, -13, and -14. The Navient Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and, as such, they are denied.

11. The allegations in this Paragraph constitute legal arguments and conclusions to which no response is required. To the extent a response is necessary, the allegations in this Paragraph are denied.

12. The allegations in this Paragraph constitute legal arguments and conclusions to which no response is required. To the extent a response is necessary, the allegations in this Paragraph are denied.

13. Admitted in part; denied in part. NSL admits that Plaintiff has made certain payments toward the outstanding balances of her student loans serviced by NSL, but denies that the prior payments made by Plaintiff were sufficient to pay off the remaining balances of such loans. The remaining factual allegations in this Paragraph are denied. The remaining allegations in this Paragraph constitute legal arguments and conclusions to which no response is required. To the extent a response is necessary, those allegations in this Paragraph are also denied.

14. The allegations in this Paragraph are denied.

15. The allegations in this Paragraph constitute legal arguments and conclusions to which no response is required. To the extent a response is necessary, the allegations in this Paragraph are denied.

16. The allegations in this Paragraph are denied.

17. The allegations in this Paragraph are denied.

18. The Navient Defendants deny that Plaintiff is entitled to a jury trial.

**WHEREFORE,** the Navient Defendants deny that Plaintiff is entitled to any recovery, request that this Court dismiss the Complaint with prejudice, and pray for judgment in their favor and against Plaintiff and any other relief this Court deems just and proper.

## AFFIRMATIVE DEFENSES

In addition to their pending Motion to Dismiss (ECF No. 8), the Navient Defendants state the following defenses to Plaintiff's Complaint, without assuming the burden of proof on any such defense that would otherwise rest on Plaintiff. The Navient Defendants' investigation of the facts and their defenses is ongoing, they reserve the right to amend or supplement its defenses after further investigation and discovery.

1. Plaintiff's Complaint fails to state a cause of action upon which relief can be

granted, and Plaintiff's claims fail as a matter of law.

2. Plaintiff's claim is improperly before this court because any declaratory relief issued in this matter would be an improper advisory opinion under the Declaratory Judgment Act.

3. Plaintiff lacks standing to bring and does not state a compensable claim because, *inter alia*, Plaintiff has admitted that no real controversy exists between her and the Navient Defendants.

4. Plaintiff's claim is barred, in whole or in part, by the doctrines of knowledge, waiver, ratification, laches, estoppel, and/or unclean hands.

5. Plaintiff's claim is barred, in whole or in part, to the extent Plaintiff's claims are based on conduct occurring outside the statute of limitations.

6. Plaintiff's claims are barred to the extent that she entered into a bilateral, binding agreement, to repay her student loans.

7. The Navient Defendants allege that Plaintiff is barred, in whole or in part, from maintaining her state law claims as preempted by the Higher Education Act of 1965, as amended, and regulations issued by the United States Department of Education.

8. The Navient Defendants specifically deny that they engaged in wrongful or unlawful conduct.

9. Plaintiff suffered no damages attributable to the Navient Defendants' conduct.

10. Plaintiff failed to mitigate her damages, if any.

11. The Navient Defendants have insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. The Navient Defendants reserve the right to assert additional affirmative defenses and/or counterclaims in the event discovery indicates such defenses or counterclaims would be

appropriate.

**WHEREFORE,** the Navient Defendants deny that Plaintiff is entitled to any recovery, request that this Court dismiss the Complaint with prejudice, and pray for judgment in their favor and against Plaintiff and any other relief this Court deems just and proper.

    Respectfully submitted,

    /s/  *Branden P. Moore*
    Branden P. Moore  (0092716)
    MCGUIREWOODS LLP
    260 Forbes Avenue, Suite 1800
    Pittsburgh, Pennsylvania 15222
    (412) 667-6000
    (412) 667-6050 (Facsimile)
    bmoore@mcguirewoods.com

    *Counsel for Navient Corporation, Navient Solutions, LLC, and Navient Student Loan Trust 2014-3*

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a true and correct copy of the foregoing document has been served upon all counsel of record via the Court's CM/ECF Notification System, this 26th day of February, 2019.  Additionally, a true and correct copy of the foregoing document was sent to the following via United States First Class mail, postage prepaid, on this day:

> William F. Chinnock
> 8238 Sugarloaf Road
> Boulder, Co 80302-0000

                                                  /s/  *Branden P. Moore*