UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

JULIE ANNE CHINNOCK,            Case No. 1:18-CV-2935
Plaintiff                       Judge Dan Aaron Polster
                               and
   v.                    Case No. 1:18-cv-01009
                          Judge James Gwin

NAVIENT CORPORATION, ET AL
Defendants

VERIFIED ADDENDUM TO MOTION TO
RECUSE JUDGE JAMES GWIN

## A. INTRODUCTION

William F. Chinnock ["Affiant"], being first duly sworn and being competent to testify, and whose testimony is admissible, from his own personal knowledge, to the best of his recollection, deposes and says under oath as follows:

All government must answer to the people." *Hudson v. Annear*, 101 Colo. 551, 558 (Colo. 1938).  This principle, more than any other, is the primary feature which distinguishes our constitutional democracy from other forms of government. It mandates enforcement by our courts of the constitutional guarantees given in the state and United States Constitutions for their citizens.  It acknowledges that judges who "disregard [litigant's] basic and fundamental constitutional rights [and judicial codes of ethical conduct] exhibit an intolerable degree of judicial incompetence [as in the case at bar]  fail to comprehend and safeguard the very basis of our constitutional structure, [bring] disrepute upon the judicial office, and diminish public confidence in [our judicial system]." *Re Inquiry Concerning a Judge,* 462 S.E.2d 728, 735 (1995).

In the interests of full disclosure, and to insure our state and federal citizens that Affiant's Motion to Recuse Judge James Gwin filed March 4, 2019, will be considered in relation to all relevant federal and state law rules of ethics, Affiant

hereby files this Addendum which is hereby incorporated by reference into the Motion to Recuse.

B. THE LAW REGARDING RECUSAL

1.  Recusal Under Canon 1 of the Code of Conduct for United States  Judges Where a Federal Judge Fails to "Uphold the Integrity and Independence of the Judiciary."

Canon 1 of the Code of Conduct for United States Judges, which is applicable to the Verified Motion to Recuse, mandates that "a judge should uphold the integrity and independence of the judiciary . . . so that the integrity and integrity of the judiciary may be up preserved."

It is respectfully submitted that where, as in this case, a federal judge (a) recommends to defendants and their counsel, for any reason, that they "should file a counterclaim against plaintiff;" (b) fails to safeguard and further affirmatively violates the constitutional right of a litigant to be heard  as well as the constitutional right of a litigant to be advised of the reasons for the judge's decisions, *Goldberg v. Kelly*, 397 U.S. 254, 267 (1970); (c) violates Court Rules [Canon 2A] by usurping the jurisdiction of the Federal Court Committee on Complaints (Local Rule 83.7), demonstrating a policy and pattern of the judge usurping jurisdiction of other legal authorities, including usurping the jurisdiction of the state court, and (d) fails and refuses to determine threshold issues in the case and thereby "engages in conduct prejudicial to the effective and expeditious administration of the business of the courts" (i.e., engages in lack of judicial economy under Rule 1(b) of the Judicial Council of the Sixth Circuit Governing Complaints of Judicial Misconduct), that judge violates Canon 1 of the Code of Conduct for United States Judges by failing to uphold the integrity and independence of the judiciary, and as a matter of law, it is mandatory for that judge to recuse himself from further proceedings in the case.

*"Actual improprieties under [the Code of Conduct for United States Judges]
include violations of law, court rules, or other specific provisions of this Code."*
Canon 2(A).

2.  Recusal Under Canon 2 and 2A of the Code of Conduct for
United States Judges Where a Federal Judge Fails to
"Avoid the Appearance of Impropriety"

Canon 2 and 2A of the Code of Conduct for United States Judges, which is
applicable to the Verified Motion to Recuse, mandates that "a judge should avoid
the appearance of impropriety," and further mandates that *"actual improprieties
under [the Code of Conduct for United States Judges] include violations of law,
court rules, or other specific provisions of this Code."*

It is respectfully submitted that where, as in this case,  a federal judge (a)
recommends to defendants and their counsel, for any reason, that they "should file
a counterclaim against plaintiff;" (b) fails to safeguard and further affirmatively
violates the constitutional right of a litigant to be heard  as well as the
constitutional right of a litigant to be advised of the reasons for the judge's
decisions, *Goldberg v. Kelly*, 397 U.S. 254, 267 (1970); (c) violates Court Rules
[Canon 2A] by usurping the jurisdiction of the Federal Court Committee on
Complaints (Local Rule 83.7), demonstrating a policy and pattern of the judge
usurping jurisdiction of other legal authorities, including usurping the jurisdiction
of the state court, and (d) fails and refuses to determine threshold issues in the case
and thereby "engages in conduct prejudicial to the effective and expeditious
administration of the business of the courts" (i.e., engages in lack of judicial
economy under Rule 1(b) of the Judicial Council of the Sixth Circuit Governing
Complaints of Judicial Misconduct), that judge violates Canon 2 and 2(A) of the
Code of Conduct for United States Judges by failing to avoid the appearance of
impropriety, and by committing "actual improprieties under the Code of Conduct

for United States Judges by violating court rules," and as a matter of law, it is mandatory for that judge to recuse himself from further proceedings in the case.

### *3.* Recusal Under Canon 3 of the Code of Conduct for United States Judges Where a Federal Judge Fails to "Perform the Duties of the Office *Impartially*"errors

Canon 3 of the Code of Conduct for United States Judges, which is applicable to the Verified Motion to Recuse, mandates that "a judge perform the duties of the office *impartially*."

It is respectfully submitted that where, as in this case, a federal judge (a) recommends to defendants and their counsel, for any reason, that they "should file a counterclaim against plaintiff;" (b) fails to safeguard and further affirmatively violates the constitutional right of a litigant to be heard as well as the constitutional right of a litigant to be advised of the reasons for the judge's decisions, *Goldberg v. Kelly*, 397 U.S. 254, 267 (1970); (c) violates Court Rules [Canon 2A] by usurping the jurisdiction of the Federal Court Committee on Complaints (Local Rule 83.7), demonstrating a policy and pattern of the judge usurping the jurisdiction of other legal authorities, including usurping the jurisdiction of the state court, and (d) fails and refuses to determine threshold issues in the case and thereby "engages in conduct prejudicial to the effective and expeditious administration of the business of the courts" (i.e., engages in lack of judicial economy under Rule 1(b) of the Judicial Council of the Sixth Circuit Governing Complaints of Judicial Misconduct), that judge violates Canon 3 of the Code of Conduct for United States Judges by failing "perform the duties of the office *impartially*, and as a matter of law, it is mandatory for that judge to recuse himself from further proceedings in the case.

*"Actual improprieties under [the Code of Conduct for U. S. Judges] include violations of law, court rules, or other provisions of this Code."* Canon 2(A)

<u>*4.*  Recusal Under Canon 3(A)(1) of the Code of Conduct for
United  States Judges Where a Federal Judge Fails to
"*Maintain Professional Competence in the Law.*"</u>

Canon 3(A)(1) of the Code of Conduct for United States Judges, which
is applicable to the Verified Motion to Recuse, mandates that "a judge
should maintain professional competence in the law."

It is respectfully submitted that where, as in this case,  a federal judge (a)
recommends to defendants and their counsel, for any reason, that they "should file
a counterclaim against plaintiff;" (b) fails to safeguard and further affirmatively
violates the constitutional right of a litigant to be heard  as well as the
constitutional right of a litigant to be advised of the reasons for the judge's
decisions, *Goldberg v. Kelly*, 397 U.S. 254, 267 (1970); (c) violates Court Rules
[Canon 2A] by usurping the jurisdiction of the Federal Court Committee on
Complaints (Local Rule 83.7), demonstrating a policy and pattern of the judge
usurping the jurisdiction of other legal authorities, including usurping the
jurisdiction of the state court, and (d) fails and refuses to determine threshold
issues in the case and thereby "engages in conduct prejudicial to the effective and
expeditious administration of the business of the courts" (i.e., engages in lack of
judicial economy under Rule 1(b) of the Judicial Council of the Sixth Circuit
Governing Complaints of Judicial Misconduct), that judge violates Canon 3(A)(1)
of the Code of Conduct for United States Judges by *failing to maintain
professional competence in the law,* and as a matter of law, it is mandatory for that
judge to recuse himself from further proceedings in the case.

"*Actual improprieties under [the Code of Conduct for United States Judges]
include violations of law, court rules, or other specific provisions of this Code.*"
Canon 2(A).

<u>5.  Recusal Under Canon 3(A)(4) of the Code of Conduct for
United  States Judges Where a Federal Judge Fails to "Accord to</u>

5

<u>Every Person Who Has a Legal Interest in a Proceeding, and That</u>
<u>Person's Lawyer, the Full Right to Be Heard According to Law."</u>

Canon 3(A)(4) of the Code of Conduct for United States Judges, which is applicable to the Verified Motion to Recuse, mandates that "a judge should accord to every person who has a legal interest in a proceeding, and that person's lawyer, the full right to be heard according to law."

It is respectfully submitted that where, as in this case,  a federal judge (a) recommends to defendants and their counsel, for any reason, that they "should file a counterclaim against plaintiff;" (b) fails to safeguard and further affirmatively violates the constitutional right of a litigant to be heard  as well as the constitutional right of a litigant to be advised of the reasons for the judge's decisions, *Goldberg v. Kelly*, 397 U.S. 254, 267 (1970); (c) violates Court Rules [Canon 2A]  by usurping the jurisdiction of the Federal Court Committee on Complaints (Local Rule 83.7), demonstrating a policy and pattern of the judge usurping the jurisdiction of other legal authorities, including usurping the jurisdiction of the state court, and (d) fails and refuses to determine threshold issues in the case and thereby "engages in conduct prejudicial to the effective and expeditious administration of the business of the courts" (i.e., engages in lack of judicial economy under Rule 1(b) of the Judicial Council of the Sixth Circuit Governing Complaints of Judicial Misconduct), that judge violates Canon 3(A)(4) of the Code of Conduct for United States Judges by failing to "accord to every person who has a legal interest in a proceeding, and that person's lawyer, the full right to be heard according to law," and as a matter of law, it is mandatory for that judge to recuse himself from further proceedings in the case.

*"Actual improprieties under [the Code of Conduct for United States Judges] include violations of law, court rules, or other specific provisions of this Code."* Canon 2(A).

6

6.  Recusal Under Canon 3(A)(5) of the Code of Conduct for United
States Judges Where a Federal Judge Fails to "Dispose
Promptly of the Business of the Court"

Canon 3(A)(5) of the Code of Conduct for United States Judges, which is applicable to the Verified Motion to Recuse, mandates that "a judge should dispose promptly of the business of the court."

It is respectfully submitted that where, as in this case,  a federal judge (a) recommends to defendants and their counsel, for any reason, that they "should file a counterclaim against plaintiff;" (b) fails to safeguard and further affirmatively violates the constitutional right of a litigant to be heard  as well as the constitutional right of a litigant to be advised of the reasons for the judge's decisions, *Goldberg v. Kelly*, 397 U.S. 254, 267 (1970); (c) violates Court Rules [Canon 2A]  by usurping the jurisdiction of the Federal Court Committee on Complaints (Local Rule 83.7), demonstrating a policy and pattern of the judge usurping the jurisdiction of other legal authorities, including usurping the jurisdiction of the state court, and (d) fails and refuses to determine threshold issues in the case and thereby "engages in conduct prejudicial to the effective and expeditious administration of the business of the courts" (i.e., engages in lack of judicial economy under Rule 1(b) of the Judicial Council of the Sixth Circuit Governing Complaints of Judicial Misconduct), that judge violates Canon 3(A)(5) of the Code of Conduct for United States Judges by "failing to dispose promptly of the business of the court," and as a matter of law, it is mandatory for that judge to recuse himself from further proceedings in the case.

*"Actual improprieties under [the Code of Conduct for United States Judges] include violations of law, court rules, or other specific provisions of this Code."* Canon 2(A).

7

<u>7.  Recusal Under Canon 3(C)(1) of the Code of Conduct for United States
Judges Where a Federal Judge Fails to "Disqualify Himself in a Proceeding
in Which the Judge's Impartiality Might Reasonably Be Questioned."</u>

Canon 3(C)(1) of the Code of Conduct for United States Judges, which is
applicable to the Verified Motion to Recuse, mandates that "a judge ***shall***
disqualify himself in a proceeding in which the judge's impartiality might
reasonably be questioned."

It is respectfully submitted that where, as in this case,  a federal judge (a)
recommends to defendants and their counsel, for any reason, that they "should file
a counterclaim against plaintiff;" (b) fails to safeguard and further affirmatively
violates the constitutional right of a litigant to be heard  as well as the
constitutional right of a litigant to be advised of the reasons for the judge's
decisions, *Goldberg v. Kelly*, 397 U.S. 254, 267 (1970); (c) violates Court Rules
[Canon 2A] by usurping the jurisdiction of the Federal Court Committee on
Complaints (Local Rule 83.7), demonstrating a policy and pattern of the judge
usurping the jurisdiction of other legal authorities, including usurping the
jurisdiction of the state court, and (d) fails and refuses to determine threshold
issues in the case and thereby "engages in conduct prejudicial to the effective and
expeditious administration of the business of the courts" (i.e., engages in lack of
judicial economy under Rule 1(b) of the Judicial Council of the Sixth Circuit
Governing Complaints of Judicial Misconduct), that judge violates Canon 3(C)(1)
of the Code of Conduct for United States Judges by failing to disqualify himself in
such proceeding, as in this case, in which his impartiality might reasonably be
questioned, and as a matter of law, it is mandatory for that judge to recuse himself
from further proceedings in the case.

*"Actual improprieties under [the Code of Conduct for United States Judges]
include violations of law, court rules, or other specific provisions of this Code."*
Canon 2(A).

<u>8.  Recusal Under Canon 2 of the Ohio Code of Judicial Conduct
Where a Judge Fails to "Fails to Perform the
Duties of Judicial Office Competently"</u>

Canon 2 of the Ohio Code of Judicial Conduct, which is applicable to the Verified Motion to Recuse, of the Ohio Code of Judicial Conduct,  mandates that "a judge *shall perform the duties of judicial office competently."*

It is respectfully submitted that where, as in this case,  a judge (a) recommends to defendants and their counsel, for any reason, that they "should file a counterclaim against plaintiff;" (b) fails to safeguard and further affirmatively violates the constitutional right of a litigant to be heard  as well as the constitutional right of a litigant to be advised of the reasons for the judge's decisions, *Goldberg v. Kelly*, 397 U.S. 254, 267 (1970); (c) violates Court Rules [Canon 2A]  by usurping the jurisdiction of the Federal Court Committee on Complaints (Local Rule 83.7), demonstrating a policy and pattern of the judge usurping the jurisdiction of other legal authorities, including usurping the jurisdiction of the state court, and (d) fails and refuses to determine threshold issues in the case and thereby "engages in conduct prejudicial to the effective and expeditious administration of the business of the courts" (i.e., engages in lack of judicial economy under Rule 1(b) of the Judicial Council of the Sixth Circuit Governing Complaints of Judicial Misconduct), that judge violates Canon 2 of the Ohio Code of Judicial Conduct by failing to perform the duties of judicial office competently,"  and as a matter of law, it is mandatory for that judge to recuse himself from further proceedings in the case.

*"Actual improprieties under [the Code of Conduct for United States Judges] include violations of law, court rules, or other specific provisions of this Code."* Canon 2(A).

FURTHER AFFIANT SAYETH NAUGHT

For any and all of the compelling reasons set forth herein, plaintiff's respectfully submit that Judge James Gwin  must either grant the recusal motion or refer it to an independent judge.

X_____

WILLIAM F. CHINNOCK


JURAT

William F. Chinnock of Cleveland, Ohio and Boulder, Colorado, came before me, a Notary Public in and for the State of  Colorado on the 6th day of March in Boulder, Colorado executed this Affidavit of his own free act and will.


_____

Notary Public


SERVICE

Service of this document was made upon the attorneys for defendants, Navient Corporation (Atty. Branden P. Moore); Navient Solutions, LLC (Atty. Branden P. Moore); Navient Student Loan Trust 2014-3 (Atty. Branden P. Moore); and the Department of Justice (Alex Rokakis) this 6th day of  March, 2019 electronically through the Federal Electronic Filing System.


X _____

William F. Chinnock, Esq.
Counsel for Plaintiff
8238 Sugarloaf Road
Boulder, CO 80302