UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
JULIE ANNE CHINNOCK, :
: Case No. 1:18-cv-2935
Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Docs. 10, 18, 21]
NAVIENT CORPORATION, *et al.*, :
:
Defendants. :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Dissatisfied with the Court's rulings in this case and a prior case, Plaintiff Julie Anne Chinnock asks for a different judge. For the foregoing reasons, the Court **DENIES** Plaintiff's motion for leave and **DENIES** her motions to recuse.

## I. Background

In March 2018, Plaintiff asked an Ohio state court to declare that she had paid off her student loans.[1] The defendants removed that case here under the Court's diversity jurisdiction.[2] The Court determined that Chinnock had not established personal jurisdiction over the defendants, or proper venue and dismissed the case.[3]

Less than a month later, Plaintiff filed this nearly identical case in Ohio state court.[4] She again sought a declaration that she had paid off her loans.[5] Following the same script, Defendants removed the case here under diversity jurisdiction.[6] Although originally

---

[1] Notice of Removal, *Chinnock v. Navient Corp.*, No. 1:18-cv-1009 (N.D. Ohio May 1, 2018), ECF No. 1.
[2] *Id.*
[3] *Chinnock v. Navient Corp.*, No. 1:18-cv-1009, 2018 WL 5312462 (N.D. Ohio Oct. 26, 2018).
[4] Doc. 1-1.
[5] *Id.*
[6] Doc. 1.

Case No. 1:18-cv-2935
Gwin, J.

randomly assigned to District Judge Aaron Polster, it was transferred here because of its similarity to the prior case.[7]

Chinnock then moved to recuse the Court.[8] Bizarrely, two weeks later, Chinnock asked the Court for leave to file the very motion she had just filed.[9] Then, apparently deciding that she did not need the Court's permission after all, Chinnock filed yet another motion to recuse.[10] Chinnock then filed a *third* recusal brief.[11] Fundamentally, Chinnock believes that the Court's decisions in the prior case and in this case demonstrate that the Court is biased against her.

## II.    Discussion

At the outset, the Court **DENIES** Plaintiff's motion for leave to file a motion to recuse as moot. Plaintiff has already filed two motions to recuse and did not need leave in the first place.

The Court also **DENIES** Plaintiff's request for the Court to transfer the recusal motion to a different judge.[12] The recusal decision is vested with the federal judge whose recusal is sought.[13]

Now to the substance of Chinnock's recusal arguments. A federal judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."[14] Where, as here, the recusal motion is based on events that occurred during litigation, the moving party must demonstrate that the Court's bias "is so extreme as to

---

[7] Doc. 9.
[8] Doc. 10.
[9] Doc. 18.
[10] Doc. 21.
[11] *See generally* William Shakespeare, Hamlet act 2, part 2 ("[B]revity is the soul of wit, [a]nd tediousness the limbs and outward flourishes.").
[12] Doc. 21 at 16.
[13] 28 U.S.C. § 455(a).
[14] *Id.*

-2-

Case No. 1:18-cv-2935
Gwin, J.

display clear inability to render fair judgment."[15]  "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."[16]  Chinnock comes nowhere close to meeting this high standard.[17]

### A.    Alleged Misconduct in This Case

Plaintiff's lead argument for recusal is that the Court lacks jurisdiction over this case "because the former federal case was dismissed other than on the merits."[18]  This argument is entirely irrelevant to recusal (and, for that matter, jurisdiction).

Chinnock next argues that recusal is "automatically mandated" because this case will allow the Court "to reconsider and render judgment on [its] previous rulings."[19]  However, the Court will not be reconsidering its judgments in the prior case.  The fact that the Court will, in this case, consider the same issues previously presented is unexceptional.[20]  Chinnock's cited cases to the contrary are not only unavailing, they flatly contradict her position.[21]

Plaintiff also takes issue with the Court's March 1, 2019 order requiring both parties to produce evidence regarding the Court's personal jurisdiction over Defendants.  Chinnock claims this order "attempt[s] to perpetuate this case ad infinitum rather than determine the threshold issues."  The Court can assure Plaintiff it has no desire to

---

[15] *Liteky v. United States*, 510 U.S. 540, 551 (1994).
[16] *Id.* at 555.
[17] See *Burley v. Gagacki*, 834 F.3d 606, 616 (6th Cir. 2016) (noting that a party seeking recusal based on conduct that occurred during litigation faces an "uphill battle").
[18] Doc. 10 at 1; Doc. 23 at 3.
[19] Doc. 10 at 2.
[20] *Liteky*, 510 U.S. at 551 ("It has long been regarded as normal and proper for a judge to sit in the same case upon its remand, and to sit in successive trials involving the same defendant."); *United States v. Howard*, 218 F.3d 556, 566 (6th Cir. 2000) (holding that recusal was not required even though the district judge had previously presided over an identical case).
[21] See *Russel v. Lane*, 890 F.2d 947, 948 (7th Cir. 1989) ("The fact that a judge is asked to reconsider a previous ruling does not provide a reasonable basis for questioning his impartiality."); *Rice v. McKenzie*, 581 F.2d 1114, 1118 (4th Cir. 1978) (A judge is "ordinarily [not] disqualified from retrying or rehearing a case that he has tried or heard before").

Case No. 1:18-cv-2935
Gwin, J.

perpetuate this case indefinitely. Not to mention, personal jurisdiction *is* a threshold issue. Requiring both parties to produce relevant evidence does not demonstrate bias.[22]

Plaintiff also claims that, if the Court does not recuse itself, her counsel will be ethically required to continue filing recusal motions. As such, "attention in the case will be focused on ancillary issues."[23] Plaintiff's thinly veiled threat to bog the Court down with motions if she does not get her way is not a basis for recusal.

### B.     Alleged Misconduct in The Prior Case

Chinnock also claims the Court's decisions in the prior case demonstrate bias. They do not.

First, she complains that the Court denied her motion to remand in the prior case. Judicial decisions, however, almost never serve as a basis for recusal. In any event, the Court denied Plaintiff's motion because the Court had diversity jurisdiction over the case, not because of bias.

Second, she argues that the Court "usurped the Court [Disciplinary] Committee's jurisdiction" by refusing to refer Plaintiff's allegation of opposing counsel's misconduct to the Northern District of Ohio's Committee on Complaints. Wrong again. The Local Rules only require the Court to refer "allegations of misconduct which, if substantiated, *would warrant discipline.*"[24] Chinnock's allegations about opposing counsel, even if true, did not amount to ethical violations.[25]

---

[22] Chinnock's suggestion in her most recent brief that she may refuse to comply with the March 1 order is ill-advised. *See, e.g.,* William F. Chinnock, *The Law of Contempt of Court in Ohio,* 34 Univ. Tol. L. Rev. 309, 310 (2003) ("The essence of the offense of contempt of court is the defiance of judicial authority.").
[23] Doc. 10 at 4.
[24] N.D. Ohio Civil Rule 83.7(d).
[25] She alleged that opposing counsel had engaged in the unauthorized practice of law by working on the case prior to being admitted to practice before the Court. However, an attorney is not required to be admitted to practice before a particular court in order to merely work on a case pending before that court.

Case No. 1:18-cv-2935
Gwin, J.

Finally, Chinnock argues that the Court "acted as an advocate" by: (i) requiring the defendants to update its motion to dismiss after Plaintiff amended her complaint, (ii) suggesting during a case management conference that the way to bring the action to a head would be for the defendants to assert counterclaims (rather than through Plaintiff's declaratory action), and (iii) not providing Plaintiff enough time to file a reply brief to her remand motion.  These actions do not reflect bias; they reflect the Court's desire for clarity and judicial economy.  In any event, they fall far short of showing the extreme bias required.

### III.    Conclusion

Plaintiff fails to show any bias, much less bias "so extreme as to display clear inability to render fair judgment."  Accordingly, the Court **DENIES** Plaintiff's motion for leave and her recusal motions.

IT IS SO ORDERED.


Dated: March 21, 2019                          *s/        James S. Gwin*
                                               JAMES S. GWIN
                                               UNITED STATES DISTRICT JUDGE