UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
JULIE ANNE CHINNOCK, :
: Case No. 1:18-cv-2935
Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Docs. 11, 20]
NAVIENT CORPORATION, *et al.*, :
:
Defendants. :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Julie Anne Chinnock asks to remand this case to state court, arguing the Court lacks subject-matter jurisdiction. For the following reasons, the Court **DENIES** Plaintiff's motion to remand. It also **DENIES** her related motion for attorney's fees and motion to withdraw the March 1, 2019 order requiring the parties to produce personal jurisdiction evidence.

Chinnock originally filed this suit in Ohio state court, disputing the legitimacy of certain student loans.[1] She sued the loan servicers: Navient Corporation, Navient Solutions, LLC, and Navient Student Loan Trust 2014-3 (the "Navient Defendants").[2] And she sued several government actors: the United States Department of Education, Assistant United States Attorney Alex Rokakis, and Former Acting Attorney United States Attorney General Matthew Whitaker (the "Government Defendants").[3]

In December 2018, the Government Defendants removed the case to this Court

---
[1] Doc. 1-1
[2] *Id.*
[3] *Id.*

under the federal officer removal statute.[4] The Navient Defendants consented to removal, noting that they believed the Court also has federal question and diversity jurisdiction.[5] Plaintiff Chinnock now moves to remand the case to state court for lack of subject-matter jurisdiction.[6]

## Discussion

When a federal agency is sued in state court, it may remove the case to federal court under 28 U.S.C. § 1442(a)(1).[7] That happened here. Accordingly, the Court has subject-matter jurisdiction over Plaintiff's claims against the Department of Education. Further, because Section 1442(a)(1) authorizes removal of the entire *action*, the Court also has jurisdiction over the remaining claims and parties.[8]

Chinnock's contrary arguments are unavailing. She claims that, because the Navient Defendants argued against the Court's personal jurisdiction in a prior case between the parties, they should now be precluded under judicial estoppel from arguing that this Court has subject-matter jurisdiction for this case. Judicial estoppel "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument in another phase."[9] However, there is nothing contradictory

---

[4] Doc. 1.
[5] Doc. 4.
[6] Doc. 11. The Navient Defendants oppose. Doc. 16.
[7] *City of Cookeville, Tenn. v. Upper Cumberland Elec. Membership Corp.*, 484 F.3d 380, 389–90 (6th Cir. 2007) ("Our independent reading of the text of § 1442(a)(1) is thus that a federal agency defendant may remove without more.").
[8] *Bennett v. MIS Corp.*, 607 F.3d 1076, 1084 n.7 (6th Cir. 2010) ("Section 1442(a)(1) authorizes removal of the entire case even if only one of the controversies it raises involves a federal officer or agency."); *District of Columbia v. Merit Sys. Prot. Bd.*, 762 F.2d 129, 132–33 (D.C. Cir. 1985) ("When federal parties remove under section 1442(a)(1), the federal court assumes jurisdiction over all the claims and parties in the case regardless of whether the federal court could have assumed original jurisdiction over the suit."); 14 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3726 (rev. 4th ed. 2018) ("Because Section 1442(a)(1) authorizes removal of the entire action even if only one of the controversies it raises involves a federal officer or agency, the section creates a species of statutorily-mandated supplemental subject-matter jurisdiction."). *See also In re Jenkins Clinic Hosp. Found., Inc.*, 861 F.2d 720, at *4 (6th Cir. 1988) (unpublished table decision).
[9] *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001).

Case No. 1:18-cv-2935
Gwin, J.

about opposing personal jurisdiction while favoring subject-matter jurisdiction.

Plaintiff Chinnock also claims that the Court lacks subject-matter jurisdiction because it dismissed a prior case between the parties for non-merits reasons. This argument is startling inapposite.

Her remaining arguments are devoted solely to opposing diversity jurisdiction. However, having found jurisdiction under 28 U.S.C. § 1442(a)(1), the Court finds the diversity jurisdiction arguments unimportant.

Having found subject-matter jurisdiction, the Court may now also resolve two other pending motions. First, Chinnock argues that Defendants' removal "lacked an objectively reasonable basis" and thus requests attorney's fees and costs. However, Defendants' removal was proper.

Second, Plaintiff Chinnock moves the Court to withdraw its March 1, 2019 order requiring her to produce personal jurisdiction evidence.[10] She claims that the Court lacks subject-matter jurisdiction and that it must recuse itself. However, as discussed in this opinion and a prior opinion, she is wrong on both arguments.[11]

For these reasons, the Court **DENIES** Plaintiff's motion to remand, **DENIES** her motion for attorney's fees, and **DENIES** her motion to withdraw the March 1, 2019 order.

IT IS SO ORDERED.

Dated: April 5, 2019           *s/    James S. Gwin*
                               JAMES S. GWIN
                               UNITED STATES DISTRICT JUDGE

---

[10] Doc. 20.
[11] *See* Doc. 24 (opinion denying Plaintiff's motion to recuse).