UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------
:
JULIE ANNE CHINNOCK                :
: Case No. 1:18-cv-2935
Plaintiff,                :
:
vs.                               : OPINION & ORDER
: [Resolving Docs. 8, 13, 14, 15]
NAVIENT CORPORATION, *et al.*,     :
:
Defendants.               :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Julie Anne Chinnock racked up hundreds of thousands of dollars in student loan debt attending some nine colleges. She claims that she has paid off those loans; Defendants disagree.

This case is nearly identical to a prior case this Court dismissed for lack of personal jurisdiction, after Plaintiff failed to show the dispute had anything to do with Ohio.[1] This time, Plaintiff claimed in her verified complaint that this Court had personal jurisdiction because the case arose from Ohio events.[2] Plaintiff Chinnock's verified complaint says that Defendants disbursed the loans to Ohio schools, that she made monthly loan payments from Ohio, and that she had extensive Ohio communications with Defendants.[3]

Chinnock sues the loan servicers (the "Navient Defendants")[4] and several government actors (the "Government Defendants").[5] After removing the case here, the

---
[1] *Chinnock v. Navient Corp.*, 1:18-cv-1009, 2018 WL 5312462 (N.D. Ohio Oct. 26, 2018).
[2] Doc. 1-1 at ¶ 13.
[3] *Id.*
[4] Including, Defendants Navient Corporation, Navient Solutions, LLC, and Navient Student Loan Trust 2014-3.
[5] Including, The United States Department of Education, Assistant United States Attorney Alex Rokakis, and former Acting Attorney General Matthew Whittaker.

Government Defendants move to dismiss, claiming sovereign immunity.[6] Meanwhile, the Navient Defendants argue the Court does not have personal jurisdiction.[7]

The Court conducted an April 12, 2019, personal jurisdiction hearing.[8] Meanwhile, Plaintiff moves to strike parts of those motions.[9] The Navient Defendants move for sanctions.[10]

For the following reasons, the Court **DENIES** Plaintiff's motion to strike, **GRANTS** both motions to dismiss, and **GRANTS** the Navient Defendants' sanctions motion.

### I. The Court Denies Plaintiff's Motion to Strike

Chinnock moves to strike parts of the Government Defendants' removal notice and the Navient Defendants' Rule 12(f) motion to dismiss.[11] However, Rule 12(f) only applies to *pleadings*.[12] Because neither filing is a pleading, the Court denies her motion.[13]

### II. The Court Lacks Personal Jurisdiction over the Navient Defendants

Chinnock must show, by a preponderance of the evidence, that the Court's exercise of personal jurisdiction over the Navient Defendants is authorized by both the Due Process Clause and Ohio's long-arm statute.[14]

To satisfy due process, Plaintiff must show that: (i) the Navient Defendants purposefully availed themselves of the privilege of acting in Ohio, (ii) this case arose from the Navient Defendants' Ohio activities, and (iii) the Navient Defendants' connection to

---

[6] Doc. 15.
[7] Doc. 8. Plaintiff opposes. Doc. 17.
[8] Doc. 31.
[9] Doc. 13.
[10] Doc. 8.
[11] Doc. 13.
[12] Fed. R. Civ. P. 12(f); *Reid v. Baker*, 499 F. App'x 520, 524 (6th Cir. 2012).
[13] *See* Fed. R. Civ. P. 7(a).
[14] *AlixPartners, LLP v. Brewington*, 836 F.3d 543, 549 (6th Cir. 2016).

Case No. 1:18-cv-2935
Gwin, J.

Ohio is sufficiently substantial to make the exercise of jurisdiction reasonable.[15] Because Chinnock cannot satisfy due process, the Court does not reach Ohio's long-arm statute.

Chinnock failed to show this case arose from the Navient Defendants' Ohio activities or that this case involves Ohio at all. While her verified complaint is rife with alleged Ohio contacts, at the hearing, Chinnock denied any connection to Ohio.

Chinnock attended school, applied for her loans,[16] paid her loans,[17] applied for income-based repayment,[18] and disputed her loans from outside Ohio.[19] It seems her lenders are based outside Ohio.[20] She used a non-Ohio bank to pay the loans. In her loan documents, Chinnock consistently identified non-Ohio addresses.[21] The Navient Defendants have no Ohio offices and do not appear to have collected Chinnock's loans in Ohio.[22] Thus, the Court dismisses Plaintiff's claims against the Navient Defendants.[23]

### III.     Sanctions Against Plaintiff

In the Navient Defendants' motion to dismiss, they ask the Court to sanction Plaintiff for, *inter alia*, vexatious personal jurisdiction allegations.[24] Given the inexplicable disparities between Chinnock's verified complaint (made under oath) and her hearing testimony, the Court believes sanctions are warranted.[25]

---

[15] *Air Prod. & Controls, Inc. v. Safetech Intern., Inc.*, 503 F.3d 544, 550 (6th Cir. 2007).
[16] Doc. 25-1 at 8, 21, 31.
[17] Chinnock's automatic debt authorization forms reflect non-Ohio addresses. *Id.* at 50, 53. Chinnock also testified at the hearing that she made her monthly payments from an Oregon bank and a lump sum payment from Arizona.
[18] *Id.* at 58–59, 65, 66, 67, 68.
[19] *Id.* at 55.
[20] *Id.* at 8 (reflecting a Washington lender); *id.* at 21 (reflecting a Utah lender).
[21] Including *permanent addresses*.
[22] *Id.* ¶ 6.
[23] Plaintiff's contention that the Ohio savings statute would provide personal jurisdiction in an Ohio court is both irrelevant and wrong. The savings statute is not an affirmative grant of jurisdiction, it merely tolls limitations periods. *See* Ohio Rev. Code § 2305.19; *Motorists Mut. Ins. Co. v. Huron Rd. Hosp.*, 653 N.E.2d 235, 239 (1995).
[24] Doc. 8 at 3.
[25] Not only did Plaintiff make her verified complaint under oath, her counsel submitted it to the Court as evidence.

| Verified Complaint | Hearing Evidence |
|---|---|
| Plaintiff attested that Defendants disbursed her loans to Ohio schools.[26] | Plaintiff testified she never attended an Ohio school. |
| Plaintiff attested that she made monthly loan payments in Ohio.[27] | Plaintiff testified that she largely made monthly loan payments outside Ohio and could not recall an Ohio payment. |
| Plaintiff attested that Defendants issued a receipt of a lump sum payment in Ohio.[28] | Plaintiff testified that she made her lump sum payment in Arizona. |
| Plaintiff suggested she applied for loans in Ohio.[29] | Every loan application indicated she applied outside Ohio. |
| Plaintiff attested she had dozens of communications with Defendants in Ohio. | Plaintiff did not identify a single communication with Defendants in Ohio. |

This bait and switch caused the Court to hold—and Navient Defendants to attend—a needless hearing about phantom factual disputes.

As a sanction, Plaintiff must pay the Navient Defendants' expenses associated with the hearing.[30] The Navient Defendants should promptly submit relevant evidence.

### IV. Plaintiff Failed to State a Claim Against Defendants Rokakis and Whitaker

Chinnock has not alleged that either Assistant United States Attorney Alex Rokakis or former Acting Attorney General Matthew Whitaker have anything to do with this case. Thus, the Court is inclined to dismiss Chinnock's claims against Defendants Rokakis and Whitaker for failure to state a claim.[31] Before dismissing *sua sponte*, the Court is required to offer Plaintiff a reasonable time to describe some Rokakis or Whitaker connection with her case.[32] Plaintiff Chinnock may, within ten days of this order, respond with facts

---

[26] Doc. 1-1 ¶ 13.
[27] *Id.*
[28] *Id.*
[29] *See id.* (stating that Defendants solicited Plaintiff in Ohio regarding loan transactions and communicated with her in Ohio regarding loan applications).
[30] *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017) ("Federal courts possess certain inherent powers . . . . That authority includes the ability to fashion an appropriate sanction for conduct that abuses the judicial process. And one permissible sanction is an assessment of attorney's fees.").
[31] *See* Fed. R. Civ. P. 12(b)(6).
[32] *Chase Bank USA, N.A. v. City of Cleveland*, 695 F.3d 548, 558 (6th Cir. 2012) ("Before dismissing a complaint sua sponte, even if dismissal without prejudice the court must give notice to the plaintiff.").

demonstrating some claim against Defendants Rokakis and Whitaker. Otherwise, the Court will dismiss those claims.

### V. The Department of Education Is Immune

As a United States agency, the Department of Education is immune from suit unless Congress explicitly waives that immunity.[33] Such waiver must be "unequivocal."[34] Chinnock bears the burden of demonstrating waiver.[35] However, Chinnock does not bother to identify the required waiver, nor could she.

Chinnock sues the Department of Education for fraud and deceit.[36] Although the Federal Tort Claims Act generally authorizes tort claims against the United States, it requires the plaintiff to first seek administrative relief.[37] Chinnock failed to do so.

Plaintiff Chinnock also seeks to enjoin the Department from pursuing the disputed debt.[38] While the Higher Education Act provides a narrow immunity waiver, it states that "no attachment, *injunction*, garnishment, or other similar process . . . shall be issued."[39]

Finally, Chinnock asks the Court to declare that she is not indebted to the Department.[40] The question is whether the requested declaratory judgment is an "attachment, injunction, garnishment, or other similar process."[41] The Sixth Circuit has not yet answered this question and the other circuits are split.[42] The Court believes § 1082(a)

---

[33] *Jackson v. United States*, 751 F.3d 712, 716 (6th Cir. 2014).
[34] *Lane v. Pena*, 518 U.S. 187, 192 (1996).
[35] *See Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990).
[36] Doc. 1-2.
[37] 28 U.S.C. § 2674; 28 U.S.C. § 2675(a).
[38] Doc. 1-1 at 19.
[39] 20 U.S.C. § 1082(a)(2) (emphasis added).
[40] Doc. 1-1 at 19.
[41] 20 U.S.C. § 1082(a)(2).
[42] *Compare Am. Ass'n of Cosmetology Sch. v. Riley*, 170 F.3d 1250, 1253–55 (9th Cir. 1999) (prohibiting declaratory judgment) *with Thomas v. Bennett*, 856 F.2d 1165, 1168 (8th Cir. 1988) (permitting declaratory judgment).

precludes the requested declaration.

The purpose of the sought declaration is to prevent the Department from continuing its debt collection efforts. An injunction against the Department of Education would have the same purpose and effect as Chinnock's sought injunction. Chinnock cannot end-run § 1082(a)'s prohibition on injunctions through a declaration. Further, because sovereign immunity waivers must be "unequivocal," § 1082(a)'s ambiguity ought to be construed in favor of immunity. Finally, Chinnock bears the burden and has utterly failed to dispute sovereign immunity.

The Court dismisses Chinnock's claims against the Department of Education.

### VI. Conclusion

Thus, the Court **GRANTS** the Defendants' motions to dismiss, **GRANTS** the Navient Defendants' sanctions motion, and **DENIES** Plaintiff's motion to strike.

IT IS SO ORDERED.

Dated: April 22, 2019        *s/    James S. Gwin*
                             JAMES S. GWIN
                             UNITED STATES DISTRICT JUDGE