UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

JULIE ANNE CHINNOCK,
:
: Case No. 1:18-cv-2935
Plaintiff,
:
:
vs.
: OPINION & ORDER
: [Resolving Doc. 38, 39]
NAVIENT CORPORATION, *et al.*,
:
:
Defendants.
:
:

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this student-loan dispute, Plaintiff Julie Anne Chinnock made numerous factual allegations in her verified complaint—under oath—to support personal jurisdiction.[1] The Navient Defendants[2] submitted documentary evidence rebutting those allegations.[3] This evidentiary conflict required the Court to hold a personal jurisdiction hearing.[4]

At that hearing, in an inexplicable about-face, Chinnock recanted her prior allegations and testified to the opposite.[5] Chinnock's new position aligned with the Navient Defendants' prior submission. Had Chinnock not lied in her verified complaint, the Court would not have been required to hold—and the Navient Defendants to attend—the personal jurisdiction hearing.

Thus, in its April 22, 2019 Opinion, the Court granted the Navient Defendants' sanctions motion, pending evidence detailing their expenses associated with the hearing.[6]

---

[1] Doc. 1-1 ¶ 13. The Court outlined these allegations in detail in its April 22, 2019 Opinion. Doc. 32 at 1–4.
[2] The Navient Defendants include Defendants Navient Corporation, Navient Solutions, LLC, and Navient Student Loan Trust 2014-3.
[3] Doc. 25.
[4] Doc. 26 (noting that the Court was holding the hearing to resolve factual disputes between Plaintiff's verified complaint and the Navient Defendant's documentary submission).
[5] Doc. 32 at 4.
[6] *Id.*

Case No. 1:18-cv-2935
Gwin, J.

The Navient Defendants now submit records detailing $6,485.09 in travel expenses and attorneys' fees relating to the personal jurisdiction hearing.[7] Chinnock's bad faith bait and switch directly caused these expenditures.[8] Chinnock asks the Court to declare the fees excessive. They are not.

Plaintiff Chinnock asks the Court to reconsider its decision to impose sanctions.[9] Yet, Chinnock does not even acknowledge, much less explain, the stark inconsistencies between her verified complaint and her hearing testimony. Instead, after an otherworldly account of the litigation,[10] she argues that the Court is really sanctioning her for filing recusal motions earlier in the litigation.[11] Not so.

The Court **DENIES** Plaintiff's motion to reconsider and **DENIES** Plaintiff's motion to declare the fees excessive. Further, for the foregoing reasons, and those described in its April 22, 2019 Opinion, the Court **ORDERS** Plaintiff to pay the Navient Defendants $6,485.09.

IT IS SO ORDERED.

Dated: May 8, 2019	*s/      James S. Gwin*
	JAMES S. GWIN
	UNITED STATES DISTRICT JUDGE

---

[7] The Navient Defendants actually sought $6,304.54 but submitted evidence showing $6,485.09 in costs. The Court uses the amount supported by the evidence.

[8] *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1183–84 (2017) (a court's inherent authority to sanction bad-faith conduct includes the ability to shift attorney's fees, but only those fees that the innocent party would not have otherwise incurred).

[9] Doc. 38.

[10] For example, she claims the parties agreed that the Court lacked subject matter jurisdiction and personal jurisdiction. Doc. 38 at 2. In fact, the parties disagreed about both. *Compare* Doc. 1-1 (Plaintiff claiming personal jurisdiction), *with* Doc. 8 (Defendants disputing the same), and *compare* Doc.1 (Defendants claiming subject matter jurisdiction), *with* Doc. 11 (Plaintiff disputing the same). She also claims that the Court summarily dismissed her recusal motion within seventy-two hours. Doc. 38 at 4. In fact, the Court issued a five-page opinion specifically addressing each of Plaintiff's allegations more than a month after her first recusal motion. Doc. 24. She claims the Court threatened to hold her in contempt for moving to recuse. Doc. 38 at 4. In fact, the Court threatened to hold her in contempt for failing to produce essential evidence. Doc. 24 at 4 n.22. And so on.

[11] Doc. 38 at 1, 6.